UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

William Clement Beals,

Plaintiff,

vs.

Rick Harry, Chief Operating Officer, Minnesota Sex Offender Program; Anita Schlank, Clinical Director, Minnesota Sex Offender Program; Jim Lind, Living Unit Director, Minnesota Sex Offender Program; Lori Parkos, Security Guard, Minnesota Sex Offender Program; Sue Eceles, Security Guard, Minnesota Sex Offender Program; Arlene Gresczyk, Minnesota Sex Offender Program; Kathy Jokimaki, Security Guard, Minnesota Sex Offender Program; and Kathy Ford, Security Guard, Minnesota Sex Offender Program,

Defendants.

ORDER

Civ. No. 01-1664 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of September, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Application to Proceed in forma pauperis. For

FILED SEP 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

(5)

these purposes, the Plaintiff appears pro se and, because process has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

The Plaintiff is currently an inmate at the Minnesota Sexual Psychopathic Personality Treatment Center in Moose Lake, Minnesota. He has commenced this action under Title 42 U.S.C. §1983, as he contends that the Defendants denied him Due Process and Equal Protection of the law. He has also filed the current Application to proceed in forma pauperis.

As a prison inmate, the Plaintiff is ineligible to obtain full relief from the filing fee in this action. See, Title 28 U.S.C. §1915(b)(2). According to Section 1915(b), which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." However, a prisoner may nonetheless be granted in forma pauperis status, which allows him to pay the filing fee in installments, rather than paying the entire amount in advance. See, Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"), citing Henderson v. Norris, 129 F.3d 481,

483 (8th Cir. 1997), citing in turn McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).

Section 1915(b)(1) requires a prisoner seeking in forma pauperis status to pay an initial partial filing fee at the outset of the case, and §1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account. As our Court of Appeals has recently explained:

> Even though seeking IFP status, the prisoner is required to pay the full amount of the fee. The court assesses and, when funds exist, collects as partial payment of the court fees required by law, an initial partial filing fee of 20% of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> * * *
>
> After paying the initial filing fee, the prisoner must make monthly payments equal to 20% of the preceding month's income credited to his prison account. 28 U.S.C.A. §1915(b)(2). So long as the prisoner's account exceeds $10, prison officials are given authority to take the 20 percent. These payments are sent to the clerk of the court. The payments are deducted from the accounts until the full filing fee has been paid.

Murray v. Dosal, 150 F.3d 814, 817 (8th Cir. 1998).

Here, the Plaintiff has supplied a prison trust account statement certifying that, during the six month period immediately preceding the filing of the Complaint, the average monthly deposits into his

trust account equaled $17.75, and his average monthly balance was $4.24. Because the average monthly balance is less than his average monthly deposits amount, the Plaintiff is required to pay an initial partial filing fee of twenty percent of his average monthly deposits amount. Consequently, the Plaintiff is obligated to pay $3.55 to initiate this action.

Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in later installments. Prison officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within thirty (30) days after the date of this Order, the case will be allowed to go forward. It should be noted, however, that if such initial partial filing fee is timely paid, the Complaint still will have to be "screened" pursuant to 28 U.S.C. §1915A to determine whether the Plaintiff has stated a claim on which relief may be granted. Only if the Plaintiff's Complaint survives such screening will the Court grant in forma pauperis status and order that a summons be issued, and that Defendants be served by the United States Marshal. If the initial partial filing fee is not paid within thirty (30) days, Plaintiff will be deemed to have

abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution.

THEREFORE, It is --

ORDERED:

That within thirty (30) days after the date of this Order, the Plaintiff shall pay an initial partial filing fee of not less than $3.55, failing which this Court will recommend that the action be dismissed, without prejudice, for failure to prosecute.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE